𝒰𝒩𝐼𝒯𝐸𝒟 𝒮𝒯𝒜𝒯𝐸𝒮 𝐵𝒜𝒩𝒦𝑅𝒰𝒫𝒯𝒞𝒴 𝒞𝒪𝒰𝑅𝒯
𝒟𝐼𝒮𝒯𝑅𝐼𝒞𝒯 𝒪𝐹 𝑀𝒜𝒮𝒮𝒜𝒞𝒽𝒰𝒮𝐸𝒯𝒯𝒮

|  |  |
|---|---|
| IN RE<br><br>JOSEPH C. BONARDI,<br>DEBTOR | **Not for Publication**<br><br>CHAPTER 7<br>CASE NO. 05-40701 |
| DEBRA BONARDI,<br>PLAINTIFF,<br><br>v.<br><br>JOSEPH C. BONARDI,<br>DEFENDANT. | AP NO. 05-4204 |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO FIRST COUNT

This matter came before the Court for hearing on the Defendant's Motion for Summary Judgment as to First Count [#31] and the Plaintiff's Opposition [# 37]. In the first count of the two count complaint, the Plaintiff seeks a determination that her tax refunds confiscated by the IRS and applied to unpaid taxes for which the Defendant is liable is a debt made nondischargeable by 11 U.S.C. § 523(a)(14). The Defendant claims he is entitled to judgment as a matter of law because the underlying taxes are dischargeable.

**Facts**

Neither party complied with the evidentiary requirements for filing a motion for summary judgment. The Defendant initially failed to provide an affidavit, choosing instead to attach copies of documents to his memorandum in support of his summary

1

judgment motion. Unverified motions and memoranda, however, are not evidence. The Debtor has attempted to correct this problem, after it was raised in the opposition, by filing an affidavit attesting to the documents he has supplied to the Court as part of a response to the opposition. The Plaintiff has not objected to the supplemental submission but the Defendant did not seek authority to file either the response or the supplement. The Defendant's shortcomings, unlike the Plaintiff's which are addressed below, are not fatal to his motion. The facts are not really in dispute and can be drawn wholly from the Plaintiff's affidavit and the attachments thereto.

The Defendant, who is the Debtor, and the Plaintiff were previously married. On August 15, 1995, they filed a joint 1993 tax return. On June 10, 1996 they filed their joint 1994 tax return; it, like the 1993 return, was filed late. Taxes were due and owing for tax years 1993 and 1994 but they were not paid. Beginning in 1996 the parties filed separate returns.

On April 15, 1998 the IRS seized the Plaintiff's $3,027 refund and applied it to the 1993 tax bill. A year later, on April 15, 1999, the IRS seized the Plaintiff's $3,583.99 refund and applied to remainder of 1993 tax bill and $144.36 to 1994 tax bill. On November 15, 1999 the parties signed a Separation Agreement which contained a provision that the Defendant would indemnify the Plaintiff for tax debts.

Following the parties' divorce, on April 15, 2000 the IRS seized the Plaintiff's $1,851 refund and applied it to the 1994 tax bill.[1] Finally on August 20, 2001 the IRS attempted its last collection from the Plaintiff when it sent a letter that it was levying upon the Plaintiff's wages. It does not appear that the IRS actually seized any of her

---

[1] 1994 tax bill has an outstanding balance of over $6,000.

2

wages as the amount the Plaintiff alleges is owed to her is $8,461.99-the sum of the refunds confiscated by the IRS.

On or about May 26, 2002 the Plaintiff was granted "Innocent Spouse" status by IRS and at some point the Defendant was notified of his ex-wife's Innocent Spouse status. On March 3, 2003 the IRS sent the Defendant a tax bill for the still unpaid 1994 taxes.[2] On February 15, 2005 the Defendant filed bankruptcy.

**Discussion**

Summary judgment is appropriate when there is no dispute of material facts and the moving party is entitled to summary judgment as a matter of law. Fed. R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56. The party opposing summary judgment may not rely upon mere denials of material facts. Conclusory allegations and improbable inferences are insufficient to defeat summary judgment. *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir.2002). Similarly, statements of counsel, whether at oral argument or contained in a memorandum, are also insufficient to establish material facts or disputes of such facts for summary judgment purposes. *Betances v. Sea-Land Serv.*, 248 F.3d 40, 43 (1st Cir.2001)

The Plaintiff alleges her claim for the confiscated refunds is nondischargeable under 11 U.S.C. § 523(a)(14) which provides for the nondischargeability of debts "incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1)." Assuming for the purpose of this decision only that the IRS' taking of the Plaintiff's refunds is a "debt incurred to pay a tax," the Plaintiff must prove that the

---

[2]The Plaintiff also included the 1995 tax bill also sent by the IRS on March 3, 2003. That the Debtor did not pay his 1995 taxes is irrelevant to the instant dispute.

3

1993 and 1994 taxes, that is the underlying tax debts, are nondischargeable under § 523(a)(1). That subsection provides for the nondischargeability of debts:

(1) for a tax or a customs duty--

> (A) of the kind and for the periods specified in section 507(a)(2)[3] or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>
> (B) with respect to which a return, or equivalent report or notice, if required--
>
>> (i) was not filed or given; or
>>
>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition...

Clearly § 523(a)(1)(B) does not apply: the returns were filed in 1995 and 1996- well outside the two year period. Therefore the question becomes whether these debts fall under § 507(a)(2) or (a)(8). Section 507(a)(2) applies to "unsecured claims allowed under section 502(f) [claims arising during the gap period of an involuntary bankruptcy] of this title." It is inapplicable to the instant case.

The relevant part of section 507(a)(8), as it existed prior to BAPCPA, applies to claims that are for

> (A) a tax on or measured by income or gross receipts
>
>> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

---

[3]This is a pre-BAPCPA case. Section 507(a)(2) is now (a)(3) under BAPCPA.

4

> (ii) assessed within 240 days, plus any time plus thirty days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition;

Again, the timing is such that (A)(I) is not applicable. Moreover there is nothing that suggests that there was or could have been any kind of assessment or even "reassessment" of the 1993 and 1994 taxes within 240 days of the petition date. Therefore these sections cannot be read to make the taxes nondischargable.

The Plaintiff argues that section 507(a)(8)(C) makes these debts nondischargeable but that subsection applies to the trust fund taxes. There is nothing to suggest that these taxes were trust fund taxes. Indeed all of the documents submitted identify the taxes owed as "1040" income, not trust fund taxes.

The Plaintiff argues that she disputes the amount and nature of the current tax liability as well as the Debtor's characterization of the reasons she received Innocent Spouse status. None of this matters unless the nature of the debt falls in one of the provisions, such as trust fund taxes, discussed above. There is, however, nothing in the complaint or the summary judgment papers to support this argument. Indeed in the Plaintiff's affidavit, she simply says she disputes her husband's statement of facts but she offers no specific facts and frankly the attachments to her affidavit supports the above chronology that leads to the conclusion that the taxes are dischargeable. Similarly there is no support for the statement of Plaintiff's counsel made at oral argument that the Debtor willfully and intentionally attempted to evade taxes. In fact, the Plaintiff's affidavit and its attachments allege that her only involvement in the tax return process was limited to signing the returns. She states that her husband and his

5

accountants prepared the returns. It is not a reasonable inference that the Debtor must therefore have willfully and intentionally attempted to avoid paying taxes.

**Conclusion**

For the foregoing reasons, the Motion for Summary Judgment is GRANTED. A separate order will issue.

Dated: May 16, 2006

_____
Judge Joel Rosenthal
United States Bankruptcy Judge